IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CHERLLY NICOLE RIVERA-QUINTANA, | * |
| Petitioner, | * |
| v. | * |
|  | *   Civil No. 26-617-BAH |
| KRISTI NOEM ET AL., | * |
| Respondents. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

The Court previously ordered the parties to, among other things, indicate whether this case presents any factual differences that would distinguish it from the undersigned's decision in *Portela-Hernandez v. Trump*, Civ. No. 25-1633-BAH, 2026 WL 74042 (D. Md. Jan. 9, 2026), and their positions on proceeding in an expedited fashion. ECF 4.

Both Petitioner Cherlly Nicole Rivera-Quintana and Respondents agree proceed on an expedited basis. ECF 5, at 1 (Respondents' status report); ECF 6, at 1 (Petitioner's status report). Petitioner asserts that "the facts and legal issues presented in this case are materially indistinguishable" from *Portela-Hernandez* so the Court may decide the instant petition on the same basis. *See* ECF 6, at 1. Respondents assert that this case "is factually distinct" from *Portela-Hernandez* "in that Mexico, the third country to which Petitioner is to be removed, already has communicated its willingness to accept Petitioner" and seek to incorporate the arguments made in other cases involving third country removals. ECF 5, at 1.

The Court appreciates the parties' prompt responses and has considered their incorporated arguments. Ultimately, the Court finds that the asserted factual distinction is insignificant, to the

extension it is a distinction at all.  First, in *Portela-Hernandez*, the petitioner had a third-country screening interview and an asylum officer made a determination that the petitioner's fear of persecution or torture in Mexico was negative, so he could be removed expeditiously to Mexico. 2026 WL 74042, at *3.  The Government contended that no other process was due before doing so. *Id.* at *9.  The Court's decision to grant habeas relief was based on its finding that constitutional guarantees of due process required that the petitioner be afforded immigration judge review of a negative fear finding before he could be removed to the noticed third country.  *Id.* at *12.  Without such review, his removal was not reasonably foreseeable, and, therefore, his continued detention ran afoul of *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *Id.* at *13–14.

The facts in the petition, ECF 1, and the parties' status reports, ECFs 5 and 6, lead the Court to the same conclusion here.  The Court has reviewed the decisions Respondents cite, *see* ECF 5, at 1 (citing *Bojorquez v. Baker*, Civ. No. DLB-25-6696; *Umanzor-Chavez v. Noem*, Civ. No. SAG-25-01634, 2025 WL 2467640 (D. Md. Aug. 27, 2025); *I.V.I. v. Baker*, Civ. No. JKB-25-1572, 2025 WL 1519449 (D. Md. May 27, 2025); *Tanha v. Warden*, Civ. No. JRR-25-2121, 2025 WL 2062181; *Ghamelian v. Baker*, Civ. No. SAG-25-2106, 2025 WL 2049981 (D. Md. July 22, 2025)), but, for the reasons described in *Portela-Hernandez*, finds that Petitioner Cherlly Nicole Rivera-Quintana may not be removed to Mexico (or any other third country) without immigration judge review of any negative fear determination as to that country.  Without such process, which the Court finds constitutionally due, her removal is not reasonably foreseeable.  Thus, her continued detention is impermissible under *Zadvydas*.

Accordingly, it is this 19th day of February, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

(1) Petitioner Cherlly Nicole Rivera-Quintana's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF 1, is GRANTED;

(2) Respondents are directed to immediately release Petitioner Cherlly Nicole Rivera-Quintana (A246951398) from custody forthwith; and

(3) By Monday, February 23, 2026, at 5:00 p.m. the parties are to provide a joint status report confirming compliance with this order.

                                                          /s/
                                        Brendan A. Hurson
                                        United States District Judge